ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| **MARIA DE LOS ÁNGELES SÁNCHEZ RODRÍGUEZ, PEDRO JOSÉ BURGOS TORRES, Sociedad Legal de Bienes Gananciales compuesta por SÁNCHEZ y BURGOS**<br><br>Recurridos<br><br>v.<br><br>**LUIS D. CARCOZE SOTO, FULANA DE TAL, Sociedad de Bienes Gananciales compuesta por LUIS D. CARCOZE y FULANA DE TAL y OTROS**<br><br>Peticionarios | TA2025CE00915 | **CERTIORARI** procedente del Tribunal de Primera Instancia, Sala Superior de **Ponce**<br><br>Civil Núm.: **PO2024CV03455**<br><br>Sobre: Impericia Médica |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno.

Boria Vizcarrondo, Jueza Ponente.

### SENTENCIA

En San Juan, Puerto Rico, a 23 de enero de 2026.

Comparece ante nos el doctor Luis D. Carcoze Soto (Dr. Carcoze Soto), su esposa y la Sociedad Legal de Bienes Gananciales, compuesta por ambos, (en conjunto, parte peticionaria) mediante un auto de *certiorari* y nos solicitan que revoquemos una *Resolución* emitida el 25 de junio de 2025, por el Tribunal de Primera Instancia, Sala Superior de Ponce (TPI).[1] Por medio de dicho dictamen, el foro primario declaró No Ha Lugar una *Moción solicitando desestimación* presentada por la parte peticionaria el 2 de mayo de 2025, sin someterse a la jurisdicción de dicho tribunal.[2]

---

[1] Sistema Unificado de Manejo y Administración de Casos (SUMAC), Entrada Núm. 16. Notificada y archivada en autos el 25 de junio de 2025.
[2] *Íd.*, Entrada Núm. 9.

Por los fundamentos que expondremos a continuación, se expide el auto de *certiorari* y se revoca el dictamen recurrido.

**I.**

El presente caso tiene su génesis el 2 de diciembre de 2024 cuando la señora María de los Ángeles Sánchez Rodríguez (Sra. Sánchez Rodríguez), su esposo Pedro José Burgos Torres (Sr. Burgos Torres) y la Sociedad Legal de Bienes Gananciales, compuesta por ambos, (en conjunto, parte recurrida) radicaron una segunda *Demanda* contra la parte peticionaria por los mismos hechos de epígrafe.[3] Arguyó que, para el 4 de noviembre de 2014, se programó una cirugía con el propósito de sacarle la vesícula. Según la parte recurrida, el Dr. Carcoze Soto intervino quirúrgicamente con la Sra. Sánchez Rodríguez, a quien le informó haber extirpado su vesícula. No obstante, expuso la parte recurrida que la Sra. Sánchez Rodríguez mantuvo dolores, malestar y una serie de síntomas asociados a los que tenía originalmente, empero más intensos, y resultando en una segunda operación por parte del Dr. Carcoze Soto.

La parte recurrida adujo que, posteriormente, le realizaron otros estudios a la Sra. Sánchez Rodríguez y encontraron un remanente de la vesícula. Ante lo anterior, el doctor Juan Del Río Martín extirpó ese restante e informó que los síntomas sufridos por la Sra. Sánchez Rodríguez fueron consecuencia del sobrante de la vesícula.

En fin, la parte recurrida arguyó que la parte peticionaria incurrió en negligencia médica consistiendo principalmente en no extirpar completamente la vesícula de la Sra. Sánchez Rodríguez ni

---

[3] *Íd.*, Entrada Núm. 1. La primera *Demanda* fue presentada por la parte recurrida el 16 de agosto de 2021 bajo el alfanumérico PO2021CV01900. Dicho pleito fue desestimado, y consecuentemente, archivado, por el foro primario el 1 de diciembre de 2023, al amparo de la Regla 39.2(b) de Procedimiento Civil, 32 LPRA Ap. V, R. 39.2(b), por no haberse efectuado trámite alguno en el mismo durante seis (6) meses.

ofrecerle a esta un tratamiento post operatorio conforme a la mejor práctica de la medicina. Por tal razón, la parte recurrida suplicó una suma no menor de $500,000.00 por los daños físicos sufridos por la Sra. Sánchez Rodríguez; una cantidad de $500,000.00 por los daños morales de la Sra. Sánchez Rodríguez, al igual que una misma suma con relación al Sr. Burgos Torres y la Sociedad Legal de Bienes Gananciales, respectivamente. Igualmente, solicitó una cuantía de $10,000.00 en concepto del lucro cesante a favor de la Sra. Sánchez Rodríguez y el Sr. Burgos Torres.

El 27 de marzo de 2025, la parte recurrida presentó los proyectos de emplazamientos con relación a la parte peticionaria,[4] y, al día siguiente, la Secretaría del foro primario expidió los mismos.[5]

El 2 de mayo de 2025, la parte peticionaria presentó una *Moción solicitando desestimación* donde expuso que la parte recurrida diligenció los emplazamientos fuera del término de 120 días, según dispone la Regla 4.3(c) de Procedimiento Civil, *supra*, R. 4.3(c).[6] Específicamente, expuso que transcurrieron 122 días entre la presentación de la demanda de epígrafe y el diligenciamiento de los emplazamientos antedichos. Además, expresó que era la segunda ocasión en la que la parte recurrida no diligenciaba los emplazamientos oportunamente, siendo la primera ocasión bajo el pleito PO2021CV01900. Por tal razón, solicitó del foro *a quo* que desestimara con perjuicio la demanda de marras.

Por su parte, la parte recurrida radicó una *Moción en oposición a solicitud de desestimación* el 11 de junio de 2025.[7] Adujo que no era requisito anejar los formularios de emplazamiento a la demanda, dado a que nuestro máximo foro había dispuesto que el término de

---

[4] *Íd.*, Entrada Núm. 3.
[5] *Íd.*, Entradas Núm. 5-6; véase además, *Íd.*, Entrada Núm. 4.
[6] *Íd.*, Entrada Núm. 9.
[7] *Íd.*, Entrada Núm. 13.

120 días comenzaba a decursar desde la expedición de los emplazamientos por parte de la Secretaría, y a base de una moción presentada por el demandante. En esa misma línea, expuso que, la Secretaría expidió los emplazamientos el 28 de marzo de 2025, y fueron diligenciados el 3 de abril de 2025; es decir, dentro del término de 120 días.

El 25 de junio de 2025, la parte peticionaria presentó una réplica intitulada *Dúplica y moción en cumplimiento de orden.*[8] Expresó que la única excepción para otorgar un término adicional con el propósito de diligenciar los emplazamientos era si la demora en expedirlos era atribuible a la Secretaría del foro primario. En cambio, indicó que la parte recurrida radicó la demanda el 2 de diciembre de 2024, sin acompañar los proyectos de emplazamientos, y no fue hasta el 27 de marzo de 2025 cuando presentó los mismos por primera vez y de forma tardía.

El 25 de junio de 2025, el TPI emitió una *Resolución* donde denegó la solicitud de desestimación presentada por la parte peticionaria y ordenó a la misma a contestar la demanda.[9] Fundamentó su dictamen en que, aunque la parte recurrida presentó los proyectos de emplazamientos el día 116 de haberse presentado la demanda, los emplazamientos fueron expedidos por la Secretaría de dicho foro el día 117 y dentro de los 120 para emplazar. Además, razonó que, al amparo de *Pérez Quiles v. Santiago Cintrón*, 206 DPR 379 (2021) y *Valedón v. Hospital Dr. Susoni Health Community Services, Corp. y otros*, 213 DPR 481 (2024), el término de 120 días para diligenciar un emplazamiento comenzaba a transcurrir, sin ninguna otra condición o requisito, una vez la Secretaría del tribunal expedía el emplazamiento, ya fuese *motu proprio* o de solicitud de parte. Por tanto, dictaminó que la

---

[8] *Íd.*, Entrada Núm. 15.
[9] *Íd.*, Entrada Núm. 16. Notificada y archivada el 25 de junio de 2025.

parte recurrida diligenció los emplazamientos de la parte peticionaria dentro de dicho término.

Inconforme, la parte peticionaria radicó una *Moción de reconsideración* el 9 de julio de 2025,[10] a la que se opuso la parte recurrida el 17 de octubre de 2025.[11]

No obstante, el 20 de noviembre de 2025, el TPI denegó la petición de reconsideración de la parte peticionaria.[12]

Insatisfecha, la parte peticionaria radicó ante nos una *Petición de certiorari* el 17 de diciembre de 2025 donde señaló al TPI por la comisión del siguiente error:

> **ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL CONCLUIR QUE EL TÉRMINO PARA DILIGENCIAR EL EMPLAZAMIENTO COMIENZA A TRANSCURRIR DESDE SU EXPEDICIÓN, IGNORANDO QUE LA REGLA 4.3 DE PROCEDIMIENTO CIVIL DE PUERTO RICO ESTABLECE CLARAMENTE QUE EL TÉRMINO COMIENZA A TRANSCURRIR DESDE LA PRESENTACIÓN DE LA DEMANDA, SI ES QUE LA PARTE DEMANDANTE RECURRIDA INCUMPLIÓ CON EL DEBER DE GESTIONAR LA EXPEDICIÓN DEL EMPLAZAMIENTO DE MANERA DILIGENTE.**

A pesar de brindarle la oportunidad para comparecer, la parte recurrida no presentó su posición con relación al auto de *certiorari* de epígrafe.

## II.

## A.

El auto de *certiorari* es el vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones realizadas por un foro inferior y cuya expedición descansa en la sana discreción del tribunal. *Rivera v. Arcos Dulces,* 212 DPR 194, 207 (2023); *McNeil Healthcare, LLC v. Municipio de Las Piedras,* 206 DPR 391, 403 (2021). La característica distintiva del auto de *certiorari* "se asienta en la discreción encomendada al tribunal revisor para autorizar su

---

[10] *Íd.*, Entrada Núm. 18.
[11] *Íd.*, Entrada Núm. 25.
[12] *Íd.*, Entrada Núm. 30. Notificada y archivada en autos el 25 de noviembre de 2025.

expedición y adjudicar sus méritos. El concepto *discreción* necesariamente implica la facultad de elegir entre diversas opciones". *IG Builders v. BBVAPR*, 185 DPR 307, 338 (2012) (énfasis en el original). No obstante, " 'en el ámbito judicial, la discreción no debe hacer abstracción del resto del Derecho. . . . Es decir, *discreción* es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera' ". *IG Builders v. BBVAPR*, *supra*, pág. 338 (citando a *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009)) (énfasis en el original); *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

En ese sentido, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025), señala los criterios que debemos tomar en consideración al evaluar si procede expedir el auto de *certiorari. BPPR v. SLG Gómez-López*, 213 DPR 314, 336-337 (2023). La referida regla dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Lo anterior impone al Tribunal de Apelaciones la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro. Por tanto, de no estar presente ninguno de los criterios esbozados, procede que esta Curia se abstenga de expedir el auto solicitado. *Torres Martínez v. Torres Ghigliotty, supra*, págs. 96-97.

**B.**

Por otro lado, es harto conocido que, en nuestro sistema jurídico, la jurisdicción se ha definido como el poder o la autoridad que tienen los tribunales para considerar y resolver casos o controversias. *MCS Advantage, Inc. v. Fossas Blanco*, 211 DPR 135, 144 (2023); *Administración de Terrenos de Puerto Rico v. Ponce Bayland Enterprises, Inc.*, 207 DPR 586, 600 (2021). La falta de jurisdicción transgrede directamente sobre el poder que posee para adjudicar una controversia. *Allied Management Group, Inc. v. Oriental Bank*, 204 DPR 374, 385-386 (2020). Por lo tanto, los tribunales deben ser celosos guardianes de su jurisdicción y, por ende, deben atender con preferencia los asuntos concernientes a la jurisdicción. *R & B Power, Inc. v. Junta de Subastas de la Administración de Servicios Generales*, 213 DPR 685, 698 (2024); *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 500 (2019). Es decir, los tribunales tienen la responsabilidad indelegable de examinar primeramente su propia jurisdicción, así como la del foro de donde procede el recurso ante su consideración. *Torres Alvarado v. Madera Atiles, supra*, pág. 500.

Precisamente, el emplazamiento es un mecanismo procesal por el que se le notifica al demandado, a grandes rasgos, sobre la existencia de una reclamación presentada en su contra "para así garantizarle su derecho a ser oído y a defenderse si así lo desea".

*Rivera v. Jaume*, 157 DPR 562, 575 (2002). Además, sirve para que un Tribunal pueda adquirir jurisdicción sobre el demandado de forma que este quede obligado por el dictamen que en su día recaiga. *Ross Valedón v. Hospital Dr. Susoni Health Community Services, Corp.*, *supra*, págs. 487-488; *Rivera Marrero v. Santiago Martínez*, 203 DPR 462, 480 (2019). En otras palabras, el emplazamiento " 'representa el paso inaugural del debido proceso de ley que viabiliza el ejercicio de la jurisdicción judicial' ". *Álvarez v. Arias*, 156 DPR 352, 366 (2002) (*citando a Acosta v. ABC, Inc.*, 142 DPR 927 (1997)); *Pérez Quiles v. Santiago Cintrón*, *supra*, pág. 384. Es por ello que el demandante ostenta la obligación de dar cumplimiento estricto a los requisitos del emplazamiento y su diligenciamiento, pues existe una política pública que requiere que el demandado sea emplazado y notificado debidamente "para evitar el fraude y que los procedimientos judiciales se utilicen para privar a una persona de su propiedad sin el debido proceso de ley". *Rivera Marrero v. Santiago Martínez, supra*, pág. 480. Asimismo, bajo la Regla 10.2(4) de Procedimiento Civil, *supra*, R. 10.2(4), las partes pueden realizar varias defensas, mediante una moción debidamente fundamentada, incluyendo insuficiencia del diligenciamiento del emplazamiento.

En particular, la Regla 4.1 de Procedimiento Civil, *supra*, R. 4.1, exige al demandante presentar el formulario de emplazamiento conjuntamente con la demanda para que la Secretaría lo expida inmediatamente. "Se trata de un trámite ministerial, automático, subsiguiente a la presentación de la demanda, como evento inmediato que da inicio a la acción civil". *Monell v. Mun. de Carolina*, 146 DPR 20, 24 (1998). Por tal razón, "[e]l demandante no puede presentar una demanda y esperar a que el Secretario prepare y expida los emplazamientos correspondientes, sino que corresponde al demandante el deber de someterlos conjuntamente con la demanda". *Bco. Des. Eco. v. AMC Surgery*, 157 DPR 150, 154 (2002).

Es decir, aunque la Regla 4.1 de Procedimiento Civil, *supra,* impone a la Secretaría del tribunal la obligación de expedir los emplazamientos inmediatamente, "por décadas en la práctica diaria dicho deber ministerial se canaliza y está sujeto a que el demandante o su abogado los preparen y sometan a la Secretaría para que allí sean fechados, firmados y sellados por el Secretario y, claro está, entregados al presentante". *Monell v. Mun. de Carolina, supra,* pág. 25. Por ende, "para dar cumplimiento estricto a la regla, es preciso que al momento de la presentación de la demanda se acompañen los emplazamientos correspondientes". *Monell v. Mun. de Carolina, supra,* pág. 24.

En esa misma línea, la Regla 4.3(c) de Procedimiento Civil, *supra,* regula el término por el que una parte debe emplazar al demandado. Específicamente, dispone lo siguiente:

> (c) <u>El emplazamiento será diligenciado en el término de ciento veinte (120) días a partir de la presentación de la demanda</u> o de la fecha de expedición del emplazamiento por edicto. <u>El Secretario o Secretaria deberá expedir los emplazamientos el mismo día en que se presenta la demanda. Si el Secretario o Secretaria no los expide el mismo día, el tiempo que demore será el mismo tiempo adicional que los tribunales otorgarán para diligenciar los emplazamientos una vez la parte demandante haya presentado de forma oportuna una solicitud de prórroga.</u> Transcurrido dicho término sin que se haya diligenciado el emplazamiento, el Tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio. Una subsiguiente desestimación y archivo por incumplimiento con el término aquí dispuesto tendrá el efecto de una adjudicación en los méritos.

(Énfasis suplido).

Nuestro más alto foro ha resuelto que el término de 120 días es improrrogable. *Bernier González v. Rodríguez Becerra,* 200 DPR 637, 649 (2018). "[C]onsecuentemente, si en 120 días el demandante no ha podido diligenciar el emplazamiento automáticamente se desestimará su causa de acción". *Bernier González v. Rodríguez Becerra, supra,* pág. 649. Ahora bien, si la Secretaría no expide los emplazamientos el mismo día de la presentación de la demanda

junto a los formularios de emplazamiento, la Regla 4.3(c) de Procedimiento Civil, *supra,* establece que el tiempo que la Secretaría se haya demorado será el mismo tiempo adicional que el tribunal otorgará para gestionar el diligenciamiento. *Bernier González v. Rodríguez Becerra, supra,* pág. 649. "Ello, una vez el demandante presente oportunamente una solicitud de prórroga" o cuando la Secretaría expide *motu proprio* los emplazamientos. *Bernier González v. Rodríguez Becerra, supra,* pág. 650; *Pérez Quiles v. Santiago Cintrón, supra,* págs. 385-386. Sin embargo, "para que comience a decursar dicho término, es requisito no solamente el que se haya presentado la demanda y sometido el emplazamiento correspondiente, sino, que además, el tribunal expida el emplazamiento". *Bco. Des. Eco. v. AMC Surgery, supra,* pág. 155. Nuestro máximo foro estableció que, no obstante, la antedicha petición no constituye una solicitud de prórroga *per se.* En cambio, se trata de un deber del demandante en presentar una moción al tribunal solicitando la expedición de los emplazamientos. *Bernier González v. Rodríguez Becerra, supra,* pág. 650. "En consecuencia, una vez la Secretaría expide el emplazamiento, entonces comenzará a transcurrir el término de 120 días. Por eso, no se trata en realidad de una prórroga debido a que, en ninguna de estas circunstancias, la parte contará con más de 120 días". *Bernier González v. Rodríguez Becerra, supra,* pág. 650. A pesar de lo anterior, "los demandantes no pueden cruzarse de brazos y dejar que transcurra un periodo irrazonable para presentar la moción. De lo contrario se actuaría en contravención al principio rector de resolver las controversias de forma justa, rápida y económica". *Bernier González v. Rodríguez Becerra, supra,* pág. 650. Es decir, "No podemos dejar al arbitrio de un demandante o su abogado la fecha cuando se tramitarán o procurarán los emplazamientos y, por ende, cuando serán expedidos. Equivaldría a, injustamente y sin autoridad judicial,

extender el período de tiempo que nuestro ordenamiento ha establecido como apropiado para emplazar a una parte". *Monell v. Mun. de Carolina, supra,* pág. 25. "[E]llo acarrearía serios perjuicios a un demandado, amén de contravenir el principio rector de resolver las controversias de forma justa, rápida y económica, eje central del debido proceso de ley". *Monell v. Mun. de Carolina, supra,* pág. 26.

## III.

En el presente caso nos toca dirimir si el foro primario erró al determinar que el término para diligenciar el emplazamiento comenzaba a transcurrir desde su expedición.

A juicio del TPI, la parte recurrida diligenció el emplazamiento de la parte peticionaria dentro del término de 120 días, según las Reglas de Procedimiento Civil, *supra,* y la jurisprudencia aplicable. Específicamente expuso lo siguiente:

> 1. Si bien la parte demandante presentó los proyectos de emplazamiento 116 días de haberse presentado la demanda, (entrada 1) los emplazamientos fueron expedidos por Secretaría el 28 de marzo de 2025 (entradas 5 y 6). Es decir, a los 117 días de haberse radicado la demanda y dentro de los 120 días para emplazar. 2. No obstante, Cónsono con lo dispuesto en *Pérez Quiles v. Santiago Cintrón,* 206 DPR 379, 2021 TSPR 22 y reiterado recientemente en *Valedón v. Hospital Dr. Susoni Health Community Services, Corp. y otros*[,] 213 DPR481, 2024 TSPR 10, el término de 120 días para diligenciar un emplazamiento comenzará a trascurrir, sin ninguna otra condición o requisito, una vez la Secretaría del Tribunal expida el emplazamiento, ya sea que tal expedición ocurra motu proprio o ante una solicitud de la parte demandante. De manera que, la parte demandante diligenció el emplazamiento de las partes demandadas dentro del término de 120 días que dispone las Reglas de Procedimiento Civil de Puerto Rico y la jurisprudencia relacionad[a] al caso ante nos.
>
> . . . .[13]

En su consecuencia, el TPI denegó la solicitud de desestimación presentada por la parte peticionaria.

Inconforme, la parte peticionaria arguyó ante nos que procedía la desestimación del caso de epígrafe, pues la parte

---

[13] *Íd.,* Entrada Núm. 16.

recurrida diligenció los emplazamientos en el día 122, contados a partir de la presentación de la demanda. Adujo que el único tiempo adicional que se podía otorgar para diligenciar los emplazamientos, era si la demora en expedirlos era atribuible a la Secretaría del tribunal. Además, reiteró que dicha desestimación debía ser con perjuicio.

Tras un análisis objetivo y cuidadoso, resolvemos que el foro primario incidió en el único error planteado por la parte peticionaria.

Según pormenorizamos anteriormente, "[e]l demandante no puede presentar una demanda y esperar a que el Secretario prepare y expida los emplazamientos correspondientes, sino que corresponde al demandante el deber de someterlos conjuntamente con la demanda". *Bco. Des. Eco. v. AMC Surgery*, *supra*, pág. 154. De igual modo, la Regla 4.3(c) de Procedimiento Civil, *supra*, establece que la Secretaría del tribunal debe expedir los emplazamientos el mismo día de la presentación de la demanda, empero, es necesario que se haya radicado la demanda y sometido el emplazamiento correspondiente. El término que se concede adicional a los 120 días dispuestos en dicha regla, son por la demora de la Secretaría en expedir los emplazamientos, pues dicho término es <u>improrrogable</u>. *Bernier González v. Rodríguez Becerra*, *supra*, págs. 649-650. <u>Por tanto, "los demandantes no pueden cruzarse de brazos y dejar que transcurra un periodo irrazonable para presentar la moción. De lo contrario se actuaría en contravención al principio rector de resolver las controversias de forma justa, rápida y económica".</u> *Bernier González v. Rodríguez Becerra*, *supra*, pág. 650. (Énfasis suplido). Es decir, "[n]o podemos dejar al arbitrio de un demandante o su abogado la fecha cuando se tramitarán o procurarán los emplazamientos y, por ende, cuando serán expedidos. Equivaldría a, injustamente y sin autoridad judicial, extender el período de tiempo que nuestro ordenamiento ha

establecido como apropiado para emplazar a una parte". *Monell v. Mun. de Carolina, supra*, pág. 25. "[E]llo acarrearía serios perjuicios a un demandado, amén de contravenir el principio rector de resolver las controversias de forma justa, rápida y económica, eje central del debido proceso de ley". *Monell v. Mun. de Carolina, supra*, pág. 26.

En el presente caso, la controversia no es atribuible a una demora de la Secretaría del foro primario, sino a las actuaciones de la propia parte recurrida. La parte recurrida presentó la demanda de epígrafe el 2 de diciembre de 2024.[14] Sin embargo, no fue hasta el 27 de marzo de 2025 que la parte recurrida presentó los proyectos de emplazamientos,[15] los que fueron expedidos rápidamente por la Secretaría; específicamente, al siguiente día de la presentación de los mismos.[16] Además, la parte recurrida diligenció los emplazamientos de la parte peticionaria el 3 de abril de 2025.[17]

Es decir, a partir de la presentación de la demanda, la parte recurrida presentó los proyectos de emplazamientos el día 115, y los emplazamientos fueron expedidos el día 116. Sin embargo, la parte recurrida diligenció los emplazamientos el día 122. Como antedicho, el término de 120 días para diligenciar los emplazamientos es <u>improrrogable</u> y solamente se concede el tiempo adicional que demore la Secretaría del tribunal. Específicamente, nuestro máximo foro expresó que "si no se los expiden el mismo día, pero sí en un <u>tiempo lo suficientemente corto como para que al abogado del demandante no le dé tiempo a presentar la moción</u>, entonces esos días, ya sean —por ejemplo— uno, dos, tres, cuatro o cinco, habría que descontárselos de los 120 días que la Regla 4.3(c) de Procedimiento Civil, *supra*, le provee". *Pérez Quiles v. Santiago Cintrón, supra*, pág. 389. (Énfasis suplido). De igual modo, el

---

[14] *Íd.*, Entrada Núm. 1.
[15] *Íd.*, Entrada Núm. 3.
[16] *Íd.*, Entradas Núm. 4-6.
[17] *Íd.*, Entrada Núm. 9, *Exhibit I a* y *Exhibit II b.*

Tribunal Supremo tampoco adjudicó al término de 120 días, los ocho días que demoró la Secretaría del foro primario en expedir *motu proprio* los emplazamientos a partir de la presentación de la demanda. *Pérez Quiles v. Santiago Cintrón, supra,* pág. 390.

Por ende, la parte recurrida no solo incumplió con presentar el proyecto de emplazamientos el mismo día de la radicación de la demanda, sino que tardó cerca de **cuatro (4) meses** para presentar dichos proyectos y **122 días** para emplazar a la parte peticionaria, contado a partir de la presentación de la demanda. Más importante aún, dicha demora no fue atribuible a la Secretaría, sino a la propia parte recurrida. Por tal razón, el foro primario cometió el único señalamiento de error.

Por otro lado, dado a que la parte recurrida presentó una primera demanda contra la parte peticionaria bajo el alfanumérico PO2021CV01900- caso que fue posteriormente desestimado al amparo de la Regla 39.2(b) de Procedimiento Civil, *supra*- por los mismos hechos del pleito de epígrafe, la desestimación en el presente pleito sería con perjuicio.

**IV.**

Por las razones discutidas anteriormente, se expide el auto de *certiorari* y se revoca el dictamen recurrido. En su consecuencia, se desestima la causa de acción con perjuicio.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones